# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN TAXI DISPATCH, INC., an Illinois Corporation, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 15cv11449 |
| v. | ) ) ) |
| NICK SULTANA, | ) ) **JURY DEMAND** |
| Defendant. | ) ) |

## COMPLAINT

NOW COMES Plaintiff, American Taxi Dispatch, Inc., an Illinois corporation, ("American Taxi"), by and through its attorneys, Zayed Law Offices, and for its Complaint against Defendant, Nick Sultana, states as follows:

## PARTIES

1. Plaintiff, American Taxi, is an Illinois corporation, with its principal place of business located in Mount Prospect, County of Cook, State of Illinois. American Taxi is engaged in business as a taxi service servicing O'Hare International Airport, Midway Airport, Chicago and over 200 Chicagoland communities, including but not limited to Oak Brook, Glen Ellyn, Des Plaines, Naperville, Aurora, Schaumburg, and Evanston.

2. Defendant, Nick Sultana, is engaged in the operation of multiple taxi businesses using trade names strikingly similar to, and otherwise substantially identical to, American Taxi's trade name, likeness, appearance, and registered trademark "American Taxi."

3. Defendant has engaged in the operation of various taxi businesses and marketing aliases with the specific intent and actual effect of causing confusion to Plaintiff's customers and usurping the name recognition and goodwill of Plaintiff.

4. Defendant services areas and communities similar to those areas and communities being serviced by American Taxi.

## JURISDICTION

5. The court has jurisdiction over the parties and this controversy, as this is a civil action under the United States Trademark Act (15 U.S.C. § 1051 et seq.), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Jurisdiction for the Illinois state statutory claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) in that state law claims form part of the same controversy as the claims arise under the trademark laws of the United States.

6. Jurisdiction and venue are proper in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to this lawsuit occurred in this district, Defendant is subject to personal jurisdiction herein.

7. Defendant is conducting business and committing acts of infringement in this judicial district by advertising, selling and/or offering taxi services under the name "American Taxi" and are therefore subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. American Taxi was formed in 1975 and was incorporated March 1, 1977. American Taxi has utilized the service mark "American Taxi" since December 1975. A true and correct copy of American Taxi's Articles of Incorporation and Articles of Amendment are attached and incorporated herein as Exhibit "A."

9. American Taxi currently uses the service mark "American Taxi" on its vehicles, its letterhead, website (www.americantaxi.com), business cards, rate sheets, and other promotional

materials. Attached hereto and incorporated by reference are true and correct copies of the following examples of American Taxi's use of its service mark:

  (a) American Taxi's letterhead (Exhibit "B");

  (b) An American Taxi business card (Exhibit "C");

  (c) An American Taxi rate sheet (Exhibit "D"); and

  (d) An American Taxi coupon (Exhibit "E").

 10. Since December 1975, American Taxi has operated continuously in and about the Chicagoland area. In this regard, American Taxi has established considerable name recognition and goodwill among taxi service customers in the Chicago area, including those areas serviced by Defendant.

 11. In addition to the use of American Taxi's mark, "American Taxi," American Taxi has adopted, implemented and used certain colors (white on a vehicle with a blue strip down each side of car, red lettering), shapes, designs, presentation and overall appearance which are distinctive to American Taxi and constitute trade dress.

 12. American Taxi has built its name recognition and good will through the expenditure, since its inception, of millions of dollars in advertising, customer service and quality assurance. American Taxi is widely recognized as one of the premier taxi services in the Chicagoland area and as one of the largest taxi dispatch companies in the United States.

 13. American Taxi currently has approximately 800 taxis in its fleet.

 14. American Taxi has also built its name recognition and good will in the Chicagoland area by participating in community programs such as the Taste of Wilmette & Business Showcase, the Lincolnwood Chamber of Commerce Business Expo, and the Northwest Suburban Council of the Boy Scouts of America Food Drive.

15. American Taxi owns a valid and subsisting federal trademark registration issued for "American Taxi" by the United States Patent and Trademark Office, as identified by registration number 3,058,900. A true and correct copy of American Taxi's Certificate of Registration is attached hereto and incorporated herein as Exhibit "F."

16. American Taxi owns a valid and subsisting federal trademark registration issued for the logo, design, scheme, colors and presentation of the American Taxi logo "American Taxi Dispatch, Inc." by the United States Patent and Trademark Office, as identified by registration number 3,116,379. A true and correct copy of American Taxi's Certificate of Registration is attached hereto and incorporated herein as Exhibit "G."

17. Trademark Registration Numbers 3,058,900 and 3,116,379 remain in full force and effect.

18. American Taxi's right to use the mark "American Taxi" and its logo are exclusive to American Taxi and the certificate of registrations thereof constitute "conclusive evidence" of "the validity of the registered mark, of the registrant's ownership of the marks and of the registrant's exclusive right to use the marks in connection with the goods or services specified in the registration." 15 U.S.C. §1115.

19. American taxi's certificate of registration for Reg. No. 3,058,900 and 3,116,379 are "prima facie evidence of the validity of the registered marks and of the registration of the marks, of the registrant's ownership of the marks, and of the registrant's exclusive right to use of the marks in connection with the goods or services specified in the registration." 15 U.S.C. §1115.

20. As a result of American Taxi's investment of its efforts, money, skill and other resources, American Taxi's marks are widely recognized as indicating American Taxi's goods and services, and have become well recognized in the United States and in the Chicago area.

**DEFENDANT'S INFRINGEMENT AND MISUSE OF AMERICAN TAXI'S MARKS**

21. Upon information and belief Defendant operates an advertising web specifically designed to create confusion among American Taxi's clientele.

22. Among other infringing conduct, Defendant operates a call service, and said call service owns and/or operates no less than 21 phone numbers.

23. Many, if not all, of these phone numbers are associated with advertisements that infringe upon American Taxi's trademarks.

24. Upon information and belief, Defendant uses the following telephone numbers associated with the following advertising pseudonyms and the following web advertisements:

| Telephone Number | Advertising Pseudonym | Website |
|---|---|---|
| 773.743.5555 | American Taxi & Limo | https://twitter.com/abbaslimo |
| 800.479.0440 | American Taxi Naperville | https://plus.google.com/104286980890253150554/about |
| 708.251.1212 | American Taxi | https://taxi-en.cybo.com/m/US/orland_park,_illinois/taxis/ |
| 224.210.1111 | American Taxi Cabs Schaumburg IL | https://plus.google.com/106975639708662931332/about |
| 224.276.2222 | American Taxi Cab Service | https://plus.google.com/109234288086493457188/about |
| 800.439.1166 | American Taxi & Limo | https://twitter.com/abbaslimo |
| 800.403.7117 | American Taxi Chicago | https://plus.google.com/109586322445537042148/about?gl=us&hl=en |
| 800.870.2552 | American Taxi Ohare [sic] | https://plus.google.com/113637101717328152162/about |
| 877.770.2424 | American Taxi Cab Chicago | http://www.hotfrog.com/business/il/chicago/american-taxi-cab-chicago-o_13122167 |

25. Upon information and belief, these phone numbers and advertisements lead to a single call center where the requests for taxi service are then sent to drivers.

26. Attached hereto and incorporated by reference as Group Exhibit "H" are true and correct copies of Defendant's website advertisements.

5

27. Attached hereto and incorporated by reference as Exhibit "I" is a true and correct copy of Defendant's phone number listing from Defendant's call service "Ring Central."

28. Defendant is not affiliated with or otherwise associated with American Taxi.

29. Defendant is not authorized to use, in any facet, American Taxi's name and trade dress.

30. Defendant's use of the American Taxi mark and trade dress is deceptive, misleading and identical to American Taxi's corporate name, registered service marks and trade dress.

31. Defendant's use of the name "American Taxi" and overall appearance of American Taxi's trade dress will in all likelihood dilute American Taxi's respected and prominent trade name in the Chicagoland area that American Taxi has created and developed by expending a substantial amount of money and effort in advertising, customer service, and quality assurance.

## COUNT I
## VIOLATION OF THE LANHAM ACT – FEDERAL TRADEMARK INFRINGMENT

32. American Taxi incorporates the allegations of the preceding paragraphs as if fully set forth herein.

33. Defendant's use of the names "American Taxi Cab Service," "American Taxi Chicago," "American Taxi Ohare" and "American Limousine" is confusingly similar to the registered mark "American Taxi" and logo "American Taxi Dispatch, Inc."

34. Defendant's aforesaid acts are likely to cause confusion, mistake or deception as to the source of the parties' services. Specifically, Defendant's use of American Taxi's mark is causing and will continue to cause the consuming public to mistakenly believe that Defendant's services are legitimately connected with, sponsored by or approved by American Taxi.

35. Defendant's aforesaid acts constitute trademark infringement in violation of

Section 32 of the Lanham Act, 15 U.S.C. §1114.

36. Defendant has willfully and deliberately infringed and sought to appropriate the goodwill associated with the registered "American Taxi" mark and logo of American Taxi by advertising and transacting business in interstate commerce taxicab services which compete with American Taxi's services.

37. Defendant's acts and actions are likely to cause confusion, mistake and deception as to the source, origin or sponsorship of Defendant's taxi services.

38. Defendant's aforesaid acts are greatly and irreparably damaging to American Taxi and will continue to damage American Taxi until enjoined by this Court.

## COUNT II
## VIOLATION OF THE LANHAM ACT – FEDERAL UNFAIR COMPETITION

39. American Taxi incorporates the allegations of the preceding paragraphs as if fully set forth herein.

40. Defendant has used and is currently using the American Taxi Marks to identify his services and to distinguish them from the products of others. Long after American Taxi's first use of the American Taxi Marks, Defendant began using the name or mark "American Taxi" to identify its services.

41. Defendant promotes and advertises in commerce his "American Taxi" service.

42. Defendant's acts constitute a violation of 15 U.S.C. §1125(a) in that Defendant is deliberately using a name, designation of origin, false or misleading description of fact, and false or misleading representation of fact which (a) is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with American Taxi, or as to the

origin, sponsorship or approval of Defendant's goods and services by American Taxi, and (b) misrepresent the nature, characteristics, qualities of Defendant's services.

43. Defendant's acts did deceive or had the tendency to deceive consumers seeking American Taxi and American Taxi's services.

44. Defendant's deception was material in that it was likely to influence, and did influence those seeking American Taxi's services to use Defendant's taxi service under the guise or belief that the services were those of American Taxi or affiliated with American Taxi.

45. Defendant's acts and actions did cause false statements to enter interstate commerce.

46. American Taxi has been harmed and injured as a result of the acts and actions of Defendant.

47. The actions of Defendant in violating the Lanham Act were willful and wanton warranting the award of exemplary damages and attorney fees.

## COUNT III
## VIOLATION OF THE LANHAM ACT – FEDERAL TRADEMARK DILUTION

48. American Taxi incorporates the allegations of the preceding paragraphs as if fully set forth herein.

49. Prior to Defendant commencing business under the name American Taxi and providing goods and services under the mark American Taxi, American Taxi's "American Taxi" mark had become famous within the meaning of 15 U.S.C. § 1125(c).

50. After American Taxi's "American Taxi" mark had become famous, Defendant commenced use of a mark or a trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the American Taxi Mark in violation of 15 U.S.C. §1125(c).

51. Defendant's acts have blurred the unique association which has heretofore existed between American Taxi's mark and the services offered by American Taxi.

52. Upon information and belief, Defendant's diluting actions have been intentional or with a reckless disregard for or willful blindness to American Taxi's rights, such that Defendant willfully intended to trade on the recognition of American Taxi's famous mark and harm the reputation of American Taxi's famous mark.

53. Unless enjoined by the Court, Defendant will continue to do the acts complained of herein and cause damage and injury, all to American Taxi's irreparable harm.

## COUNT IV
### INFRINGEMENT UNDER THE ILLINOIS TRADEMARK REGISTRATION AND PROTECTION ACT

54. American Taxi incorporates the allegations of the preceding paragraphs as if fully set forth herein.

55. Prior to Defendant's commencement of the "American Taxi Cab Service," "American Taxi Chicago," "American Taxi Ohare" and "American Limousine" businesses, American Taxi's marks had become famous in the State of Illinois within the meaning of 765 ILCS § 1036/65.

56. Defendant, after American Taxi's marks had become famous in the State of Illinois, commenced use of a mark or trade name in commerce that causes dilution of the distinctive quality of the American Taxi marks in violation of 765 ILCS § 1036/65.

57. Defendant's use, promotion and advertisement of its goods and services under the name or mark "American Taxi" has diluted the distinctiveness of American Taxi's marks in violation of 765 ILCS § 1036/65.

58. Upon information and belief, Defendant's diluting actions have been intentional or with a reckless disregard for American Taxi's rights, such that Defendant willfully intended both to trade on the recognition of American Taxi's famous marks and harm the reputation of American Taxi's famous marks.

59. Defendant's diluting actions are causing immediate and irreparable injury to American Taxi and to its goodwill and reputation, and unless enjoined by this Court, will continue to harm American Taxi irreparably for which American Taxi has no adequate remedy at law.

## COUNT V
## ILLINOIS COMMON LAW UNFAIR COMPETITION

60. American Taxi incorporates the allegations of the preceding paragraphs as if fully set forth herein.

61. Defendant's use of American Taxi's marks, or colorable imitations thereof, in connection with Defendant's services, and promotion of such services, constitutes unfair competition under Illinois common law.

62. Unless Defendant's conduct is enjoined, Defendant will cause irreparable harm to American Taxi and the public, for which American Taxi has no adequate remedy at law.

## COUNT VI
## ILLINOIS DECEPTIVE TRADE PRACTICES

63. American Taxi incorporates the allegations of the preceding paragraphs as if fully set forth herein.

64. Defendant, with full knowledge of American Taxi's superior rights, adopted and are using the designation "American Taxi" in connection with services with the deliberate and

express purpose of obtaining the benefit of the goodwill and reputation of American Taxi; and Defendant's acts are likely to cause, and are intended to cause, confusion and deception of the public.

65. The aforesaid acts of Defendant are causing and will continue to cause injury to the business reputation of American Taxi and confusion as to the source of Defendant's services.

66. Defendant's aforesaid unlawful conduct constitutes unfair competition and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 – 510/7.

67. Unless enjoined by this Court, Defendant will continue to cause irreparable harm to American Taxi and the public, for which American Taxi has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE American Taxi Dispatch, Inc. prays for the following relief:

A. Judgment for Plaintiff and against Defendant in an amount to be determined at trial;

B. That Defendant and his officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys and all persons active in concern and/or participation with them who receive notice be preliminarily and permanently enjoined and restrained from:

 i. Using the American Taxi Marks, the mark or name American Taxi or any confusingly similar mark, name, domain name or colorable imitation thereof, in connection with Defendant's business which may in any way mislead or confuse anyone as to the source, affiliation or sponsorship of such business;

 ii. Otherwise infringing or diluting the distinctive quality of the American Taxi Marks;

 iii. Injuring Plaintiff's business reputation and the goodwill associated with Plaintiff's American Taxi Marks and from otherwise unfairly competing, directly or indirectly, with Plaintiff; and

 iv. Causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval or certification with or

    by Plaintiff, or engaging in conduct tending to create a false commercial impression of Plaintiff's products or services or any other conduct which tends to pass off Defendant's services as those of Plaintiff or creates a likelihood of confusion or misunderstanding of false representation.

C. That Defendant be directed to deliver up to this Court for destruction, pursuant to 15 U.S.C. § 1118, all signs, prints, advertisements, publication, promotions or other articles in their possession bearing any of the American Taxi Marks, or any reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, screens, or other means of making the same;

D. That Defendant be required to account for and pay over to Plaintiff all actual damages suffered by Plaintiff; all gains, profits and advantages derived by Defendant from Defendant's infringement and dilution of Plaintiff's American Taxi Marks, Defendant's aforesaid acts of unfair competition and other unlawful acts; and such damages as to the Court shall appear proper within the provisions of the Lanham Act and the Illinois Trademark Registration and Protection Act, and the Illinois common law;

E. That Defendant be ordered to compensate Plaintiff for the advertising or other expenses necessary to dispel any public confusion caused by Defendant's infringement of the American Taxi Marks, unfair competition, misappropriation, breach of contract and other unlawful acts;

F. That this Court award increased damages to fully compensate Plaintiff and punitive damages for the willful and wanton nature of Defendant's wrongful acts;

G. That Defendant be ordered to pay interest, costs, and reasonable attorney fees to Plaintiff; and

H. Granting such further relief as the Court deems just and proper.

        **PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

                Respectfully submitted,

Dated:  December 18, 2015  By: **/s/ Adam J. Zayed**    .
                     Zayed Law Offices
                     54 North Ottawa Street
                     Suite 360
                     Joliet, Illinois 60432
                     Tel: 312.726.1616
                     Fax: 312.726.3680
                     azayed@zayedlaw.com